# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ICAHN PARTNERS LP, ICAHN PARTNERS MASTER FUND LP, MATSUMURA FISHWORKS LLC, derivatively on behalf of ILLUMINA, INC., and individually on behalf of themselves and all other similarly-situated stockholders of ILLUMINA, INC., | § § § § § § § § | No. 107, 2024 Court Below—Court of Chancery of the State of Delaware C.A. No. 2023-1045 |
| Plaintiffs Below, Appellants, | § § § § | |
| v. | § § | |
| FRANCIS DESOUZA, JOHN W. THOMPSON, FRANCIS ARNOLD, CAROLINE DORSA, ROBERT EPSTEIN, SCOTT GOTTLIEB, GARY GUTHART, PHILIP SCHILLER, and SUSAN SIEGEL, | § § § § § § § § | |
| Defendants Below, Appellees | § § § § | |
| and | § § | |
| ILLUMINA, INC., Nominal Defendant Below, Appellee. | § § § | |

Submitted: March 28, 2024
Decided:　April 11, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the notice and supplemental notice of interlocutory appeal and the exhibits, it appears to the Court that:

(1)     This interlocutory appeal arises from Icahn Partners LP, Icahn Partners Master Fund LP, and Matsumura Fishworks LLC's ("Icahn Parties") filing of a class and derivative complaint against current and former directors of nominal defendant Illumina, Inc.  Illumina moved to strike portions of the complaint, contending that those portions contained confidential and privileged information that an Illumina director, who was nominated to the board by the Icahn Parties and employed by an Icahn-affiliated entity, had improperly shared with the Icahn Parties.  The individual defendants joined in the motion to strike.  The Icahn Parties opposed the motion, arguing that it was permissible for the Icahn-affiliated director to share Illumina's confidential and privileged information with the Icahn Parties.

(2)     In a letter opinion dated January 16, 2024, the Court of Chancery granted the motion to strike.[1]  The court held that the Icahn-affiliated director did not have the right to share Illumina's confidential or privileged information with the Icahn Parties.[2]  As explained by the court, the Icahn-affiliated director's lack of fiduciary role with the Icahn Parties and the Icahn Parties' lack of contractual rights to designate directors to the Illumina board and limited voting power made the case

---

[1] *Icahn Parties LP v. Souza*, 2024 WL 180952 (Del. Ch. Jan. 16, 2024).
[2] *Id.* at *4-9.

2

distinguishable from cases holding a director may share confidential or privileged information with a stockholder.[3] The court also emphasized that the Icahn-affiliated director had not abided by his agreement to comply with Illumina's Code of Conduct, which prohibited the sharing of Illumina's confidential information with others.[4] On February 19, 2024, the court denied the Icahn Parties' motion for reargument.

(3) The Icahn Parties filed an application for certification of an interlocutory appeal from the January 16, 2024 letter opinion and the February 19, 2024 order denying reargument ("Interlocutory Rulings"). Illumina and the individual defendants opposed the application. On March 20, 2024, the Court of Chancery refused the application for certification.

(4) In refusing certification, the Court of Chancery first found that striking allegations from a pleading did not decide a substantial issue of material importance meriting appellate review before final judgment. The court next considered the Rule 42(b)(iii) criteria that the Icahn Parties identified as supporting interlocutory review. As to Rule 42(b)(iii)(A) (question of law resolved for the first time), the court held that the Interlocutory Rulings did not resolve a question of law for the first time, but simply applied existing legal precedent to the facts of the case. The court next found

---

[3] *Id.* at *7.
[4] *Id.* at *9.

that Rule 42(b)(iii)(B) (conflicting trial court decisions on the question of law) did not support certification because the Icahn Parties had not identified any cases with similar facts that conflicted with the Interlocutory Rulings.

(5) Turning to Rule 42(b)(iii)(G) (interlocutory review may terminate the litigation), the court recognized that the striking of allegations in the complaint would not terminate the litigation. The court rejected the Icahn Parties' contention that interlocutory review was appropriate because their complaint might not survive a motion to dismiss in the absence of the stricken information and that their possession of unique information could disqualify them from acting derivatively. The court found these claims speculative, noting that the complaint might survive a motion to dismiss and, if it did not, there would be a final judgment to appeal. As to Rule 42(B)(iii)(H) (review of the interlocutory order may serve of considerations of justice), the court found that the Icahn Parties had simply rehashed arguments already found not to weigh in favor of certification. Finally, the court balanced its consideration of the Rule 42(b)(iii) factors with its assessment that the most efficient and just way to resolve the case was to proceed in the ordinary course.

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[5] In the exercise of its discretion and giving due weight to Court of Chancery's analysis, this Court has concluded that the application for

---

[5] Supr. Ct. R. 42(d)(v).

4

interlocutory review does not meet the strict standards for certification under Rule 42(b). We agree with the Court of Chancery that the Rule 42(b)(iii) criteria do not weigh in favor of interlocutory review. Exceptional circumstances that would merit interlocutory review of the Interlocutory Rulings do not exist in this case,[6] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[7]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:
*/s/ Karen L. Valihura*
Justice

---

[6] *Id.* R. 42(b)(ii).
[7] *Id.* R. 42(b)(iii).